UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANDRA CUTRONE,                                         Civ. Action No.:

                              Plaintiff,

   -against-

FLAGSTAR BANK, FSB,

                              Defendant.
------------------------------------------------------------------X

## COMPLAINT

Plaintiff, SANDRA CUTRONE (hereinafter, "Plaintiff"), as and for her Complaint against Defendant, FLAGSTAR BANK, FSB (hereinafter, "Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, minimum wages, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a resident of Colorado Springs, Colorado.

6. Plaintiff was employed by Defendant as a loan officer from on or about February 2012 until in or about May 2017. From about April 2016 until about July 2016, Plaintiff was on FMLA leave; accordingly, the allegations raised herein are not applicable to that time period.

7. Defendant is a banking institution licensed to originate loans in the State of New York and elsewhere.

8. During Plaintiff's employment, Defendant operated a New York State licensed branch office at 888 Veterans Memorial Highway, Hauppauge, New York 11788.

9. Upon information and belief, Defendant maintains a principal place of business located at 5151 Corporate Drive, Troy, Michigan 48098.

## FACTS

10. At all times relevant to this Complaint, Plaintiff was employed as a Loan Officer for the benefit of and at the direction of Defendant.

11. During her employment, Plaintiff's primary duties were to originate mortgage loans for Defendant.

12. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

13. During her employment, Plaintiff performed her primary duties for Defendant at its Hauppauge branch office.

14. Plaintiff also performed her primary duties for Defendant from a home office.

15. Plaintiff's employment was subject to a written Loan Officer Compensation Agreement.

16. Upon information and belief, pursuant to the Agreement, Plaintiff was contractually entitled to overtime compensation equal to one and one-half times her regular rate of pay.

17. Throughout her employment, Plaintiff typically worked seven (7) days per week.

18. Throughout her employment, Plaintiff worked Monday through Friday from about 9:00 a.m. until at least 6:00 p.m. at Defendant's Hauppauge branch office, and approximately three (3) hours each evening at her home office. On Saturday and Sunday, she worked a minimum of six (6) hours at her home office.

19. Throughout her employment, Plaintiff did not take any uninterrupted meal breaks of more than fifteen (15) minutes at a time.

20. Throughout her employment, Plaintiff generally worked at least sixty-six (66) hours per week.

21. Throughout her employment, Defendant paid Plaintiff on a commission basis.

22. Throughout her employment, Defendant also paid Plaintiff an hourly rate of pay which was based on the New York State minimum wage rate.

23. This hourly rate of pay was a recoverable draw against commissions.

24. During her employment, Defendant paid Plaintiff on a bi-weekly basis.

25. During her employment, Defendant only paid Plaintiff for approximately 37.5 hours per week even though Plaintiff worked at least sixty-six (66) hours per week.

26. During her employment, Plaintiff's immediate supervisors, Saverio Iaconis and Michael Kinney, reported to Defendant that Plaintiff worked 37.5 hours each week, even though she worked in excess of such reported hours.

27. During her employment, Defendant did not pay Plaintiff the statutory minimum wage rate for two-and-a-half (2.5) hours each week.

28. During her employment, Defendant did not pay Plaintiff one-and-one-half her regular rate of pay for any hours that she worked in excess of forty (40) each week.

29. During her employment, Defendant did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) each week.

30. During her employment, Defendant did not pay Plaintiff overtime compensation reflective of the commissions she earned.

31. During her employment, Defendant failed to provide Plaintiff with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, as required by NYLL § 195(1).

32. During her employment, Defendant failed to provide Plaintiff with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with her weekly paychecks, as required by NYLL § 195(3).

33. Defendant managed Plaintiff's employment, including the amount of overtime worked.

34. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

35. Defendant was aware of Plaintiff's work hours but failed to pay her any overtime compensation to which she was entitled under the law.

36. Defendant was aware that Plaintiff was not paid the statutory minimum wage rate for all hours that she worked each week.

37. Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

38. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

39. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

40. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

41. Plaintiff was also an individual engaged in commerce because she regularly dealt with prospective borrowers who lived outside the state of New York through telephone calls and email transmissions.

42. Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2016 and 2017 was not less than $500,000.00.

43. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

44. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

45. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

46. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

47. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

48. Defendant acted willfully and either knew that its conduct violated the FLSA or showed a reckless disregard for the matter of whether its conduct violated the FLSA.

49. Defendant did not act in good faith with respect to the conduct alleged herein.

50. As a result of Defendant's violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

51. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

53. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

54. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

55. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for

Defendant.

56. Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because she did not meet the requirements for any of the reduced number of exemptions available under New York law.

57. Defendant acted willfully and either knew that its conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether its conduct violated the New York Labor Law.

58. Defendant did not act in good faith with respect to the conduct alleged herein.

59. As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

60. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

61. At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.

62. Defendant willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

63. As a result of Defendant's unlawful practices, Plaintiff suffered a loss of wages.

64. As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

7

### COUNT IV
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(1)
### FAILURE TO PROVIDE WAGE NOTICES

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. Defendant willfully failed to furnish Plaintiff with wage notices during her employment, including the date of her hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

67. Through its knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

68. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

69. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

70. Defendant willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include,

among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

71. Through its knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

72. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### COUNT VI (in the alternative)
### BREACH OF CONTRACT
### FAILURE TO PAY OVERTIME COMPENSATION

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. Plaintiff's employment was subject to a written Loan Officer Compensation Agreement (the "Agreement") that determined the compensation Plaintiff was paid during her employment.

75. Defendant and Plaintiff agreed to the terms and conditions contained in the Agreement.

76. Plaintiff fully performed her obligations as set forth in the Agreement.

77. Pursuant to the Agreement, Defendant was required to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

78. Defendant breached the Agreement and the terms and conditions thereof by failing to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week.

79. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendant committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime compensation and minimum wages to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and complete wage statements;

6. Breached the Loan Officer Compensation Agreement by failing to pay Plaintiff overtime compensation;

B. Award compensatory damages, including all overtime compensation and minimum wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation and minimum wages due accruing from the date such amounts were due;

      F.      Award all costs and attorneys' fees incurred in prosecuting this action; and

      G.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
November 25, 2019

                                                  _____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com

# FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in Sandra Cutrone v. Flagstar Bank FSB in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).

Dated: Massapequa, New York
November 5, 2019

*Sandra Cutrone*
Sandra Cutrone

- 1 -